**SQUARE CONSTRUCTION COMPANY and La Fera Contracting Company, Appellants,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellee.**

No. 79–1510.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 19, 1980.

Decided Aug. 17, 1981.

---

Robert H. Hunt, John B. Tacke, Washington, D. C. (Michael E. Lundy, Washington, D. C., on brief), for appellants.

Leonard Petkoff, Washington, D. C. (Tod Gold, Washington, D. C., on brief), for appellee.

Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

This action arises from the termination by the Washington Metropolitan Area Transit Authority (the Authority) of the appellants' (Square/La Fera) contract to construct a portion of the Washington, D.C., subway system and the Authority's subsequent assessment against the appellants of the excess costs of reprocuring that contract. In separate appeals to the Corps of Engineers Board of Contract Appeals (the Board), Square/La Fera contested these decisions, claiming that the contract was terminated for the Authority's convenience rather than for its own failure to prosecute the work in a timely manner, and that the Authority failed to minimize its costs when reprocuring the contract. Either of these assertions, if true, would have constituted a defense to the assessment of some $4.8 million in excess costs and damages against Square/La Fera. The Board decided both questions adversely to the appellants and Square/La Fera sought review of those decisions upon the administrative record in the United States District Court for the Eastern District of Virginia. That court affirmed the decisions of the Board, holding that they were based upon substantial evidence and were not erroneous as a matter of law. The parties are now before this court on Square/La Fera's appeal of the judgment of the district court.

It appears that the district court correctly affirmed the Board's ruling that Square/La Fera was terminated for default rather than for convenience, and we so find, the decision of the Board being supported by substantial evidence, and not fraudulent, capricious, arbitrary, so grossly erroneous as to imply bad faith, or erroneous as a matter of law. But the record is fatally flawed as it concerns damages and reprocurement costs. In the companion case of *Square Construction Company and La Fera Contracting Company v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, No. 80–1447 (4th Cir. 1981), we have today held that in the course of the Board's hearing of the reprocurement case, the Authority deliberately and wrongfully withheld a document crucial to Square/La Fera's defense. We have thus remanded that part of the case to the district court with instructions for a further remand to the Board for a full redetermination of all reprocurement and damage issues following a finding that such a document does exist.

Accordingly, and in accordance with our opinion in *Square Construction Company,* supra, No. 80–1447, 657 F.2d 68, we vacate the judgment of the district court and remand those parts of this case relating to damages and reprocurement costs. Following a finding of the district court that the Bechtel estimate does exist, such parts of this case shall be remanded to the Board of Contract Appeals for a new trial on all issues respecting damages and reprocurement, but not for a new trial on the issue of default. After a new trial, the Board will announce its decision, and the parties may take any action with respect to it that they may be so advised.

*AFFIRMED IN PART, VACATED AND REMANDED WITH INSTRUCTIONS.*